# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Filer's Name: | Anthony O. Egbase | Atty Name (if applicable): | Anthony O. Egbase |
| Street Address: | 800 W. 1st Street #400<br>Los Angeles, CA 90012 | CA Bar No. (if applicable): | 181721 |
| Filer's Telephone No.: | 213 620 7070 | Atty Fax No. (if applicable): | 213 620 1200 |

| | |
|---|---|
| In re:<br><br>Josefina Chavez Castellanos | Case No. 2:09-bk-37323<br><br>Chapter 13 |

## AMENDED SCHEDULE(S) AND/OR STATEMENT(S)

A filing fee of $26.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added?
☐ Yes    ☐ No

Indicate below which schedule(s) and/or statement(s) is(are) being amended.

☐ A  ☐ B  ☐ C  ☐ D  ☐ E  ☐ F  ☐ G  ☐ H  ☐ I  ☐ J
☐ Statement of Social Security Number(s)    ☐ Statement of Financial Affairs
☐ Statement of Intention    ☒ Other F3015-1.2

**NOTE:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ATTACHED.

I/We, **Josefina Chavez Castellanos**, the person(s) who subscribed to the foregoing Amended Schedule(s) and/or Statement(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED:   November 23, 2009

/s/ Josefina Chavez Castellanos
Josefina Chavez Castellanos
*Debtor Signature*


*Co-Debtor Signature*

**\*\*FOR COURT USE ONLY\*\***

**\*\*SEE PROOF OF SERVICE\*\***

B-1008 *Revised November 2003*

## PROOF OF SERVICE

I hereby certify that a copy of the Amendment(s) was(were) mailed to the Trustee and that notice was given to the additional creditors listed.

DATED:    November 23, 2009                    Anthony O. Egbase
                                               Print or Type Name

                                               /s/ Anthony O. Egbase
                                               Signature


(SEE ATTACHED MAILING LIST.)

B-1008 *Revised November 2003*

Josefina Chavez Castellanos
5601 Aldama St.
Los Angeles, CA 90042


Anthony O. Egbase
Anthony O. Egbase and Associates
800 W. 1st Street #400
Los Angeles, CA 90012


Acacia M Group
1015ope St.
South Pasadena, CA 91030


Arroyo Vista Family Health Center
6000 N figuero St.
Los Angeles, CA 90042


Consultants For Anesthesia
Laszlo Z. Galffy, M.D.
225 S Lake Ave. # 535
Pasadena, CA 91101


Corpporate Receivables, Inc
P.O. Box 4115
c/o Arrow Financial Services LLC
Concord, CA 94524


DirecTV
P.O. Box 54000
Los Angeles, CA 90054


Family Practice of Glendale
1125 E Broadway Box 71
Glendale, CA 91205

Glendale Adventist Medical Center
1509 Wilson Terrace
Glendale, CA 91206


Glendale Int Med & Cardiology, Inc
4335 Arden Ave. 410
Glendale, CA 91203


Homeq
Attn: Bankruptcy Department
1100 Corporate Center
Raleigh, NC 27607


Imperial County Tax Collector
940 West Main Street # 106
El Centro, CA 92243


J J Mac Intyre Co Inc
1801 California Ave
Corona, CA 92881


JJ&R Emg.Med. Grp of California Inc
P.O. Box 2700
Rancho Cucamonga, CA 91729


LA DWP
Water & Power Department
P.O. Box 30808
Los Angeles, CA 90030


LDC Collection Systems
P.O. Box 30087
Los Angeles, CA 90030

Leading Edge Recovery Solution
P.O. Box 129
Linden, MI 48451


Los Angeles Radiology Medical Group
P.O. Box 25919
Santa Ana, CA 92799


Lowes / MBGA
Attention: Bankruptcy Department
Po Box 103106
Roswell, GA 30076


Lvnv Funding Llc
Po Box 10584
Greenville, SC 29603


Michaels Superstore
5949 Pacific Blvd
Huntington Park, CA 90255


Midland Credit Mgmt
8875 Aero Dr  Ste 200
San Diego, CA 92123


Northland Group Inc.
P.O. Box 390846
Minneapolis, MN 55439


Washington Mutual Mortgage
Attention: Bankruptcy Dept.
7255 Bay Meadows Way
Jacksonville, FL 32256

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Anthony O. Egbase<br>Anthony O. Egbase and Associates<br>800 W. 1st Street #400<br>Los Angeles, CA 90012<br>213 620 7070 Fax: 213 620 1200<br>California State Bar Number: 181721<br><br>☐ Individual appearing without counsel<br>☒ Attorney for: Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: | CHAPTER: **13**<br>CASE NO. **2:09-bk-37323** |
|---|---|
| | SECTION 341(a) MEETING OF CREDITORS:<br>DATE: **12/11/09**<br>TIME: **3:30 PM**<br>HEARING ROOM: **725 S Figueroa St. Rm 103** |
| **Josefina Chavez Castellanos** | CONFIRMATION HEARING:<br>DATE: **12/03/09**<br>TIME: **1:30 PM**<br>PLACE: **255 E Temple St. Crtrm 1639** |
| Debtor(s). | DEADLINE FOR OBJECTIONS TO PLAN: **12/03/09** *<br>(*8 days before the Section 341(a) meeting) |

## AMENDED NOTICE OF SECTION 341(a) MEETING AND
## HEARING ON CONFIRMATION OF CHAPTER 13 PLAN
## WITH COPY OF CHAPTER 13 PLAN

1. NOTICE IS HEREBY GIVEN to all creditors and other interested parties that on the above date and time and in the indicated courtroom, debtor(s) will seek court approval of the attached Chapter 13 plan.

2. Section 341(a) Meeting Location:
   - ☒ 725 South Figueroa Street, Lobby Level, Los Angeles
   - ☐ 21051 Warner Center Lane, Suite 115, Woodland Hills
   - ☐ 3420 Twelfth Street, Riverside
   - ☐ 411 West Fourth Street, Room 1-154, Santa Ana
   - ☐ 128 East Carrillo Street, Santa Barbara

3. Chapter 13 Plan Confirmation Hearing Location:
   - ☒ 255 East Temple Street, Los Angeles
   - ☐ 21041 Burbank Boulevard, Woodland Hills
   - ☐ 3420 Twelfth Street, Riverside
   - ☐ 411 West Fourth Street, Santa Ana
   - ☐ 1415 State Street, Santa Barbara

4. **OBJECTIONS TO PLAN:** If you wish to object to the confirmation of the Chapter 13 plan, you must file a written objection with the Bankruptcy Court and serve a copy of it upon the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee before the deadline set forth above. Unless you timely file a written objection to the plan and appear at the confirmation hearing, the Court may treat your failure to do so as a waiver of your right to object to the plan, and may approve the plan.

5. **APPEARANCE BY DEBTOR(S) AND THE ATTORNEY FOR THE DEBTOR(S) IS REQUIRED AT BOTH THE SECTION 341(a) MEETING AND THE CONFIRMATION HEARING.** If the Chapter 13 trustee finds at the Section 341(a) meeting that the case is ready for confirmation, the trustee may, but is not required to, stipulate that the debtors and counsel are excused from appearance at the confirmation hearing (if the assigned judge permits the trustee to waive appearances). If the Chapter 13 trustee finds at the Section 341(a) meeting that the case is NOT ready for confirmation, the trustee may, but is not required to, continue the Section 341(a) meeting and/or the confirmation hearing to a later date. **Unexcused failure by the debtor(s) to appear at either the Section 341(a) meeting or the confirmation hearing may result in dismissal of the case. The dismissal order may include a prohibition on filing any other bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g).**

Dated: **November 23, 2009**

/s/ Anthony O. Egbase
Signature of Debtor(s) or Attorney for Debtor(s)
**Anthony O. Egbase and Associates**
Print Law Firm Name (if applicable)

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2002                                                                                                              F 3015-1.2
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

F 3015-1.2

| In re                          | CHAPTER 13                  |
|--------------------------------|-----------------------------|
| Josefina Chavez Castellanos    |                             |
| Debtor(s).                     | CASE NO.: 2:09-bk-37323     |

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF **LOS ANGELES**

1. I am over the age of 18 and not a party to the within action. My business address is as follows:
   800 W 1ST. STREET, SUITE 400-10
   LOS ANGELES, CA 90012

2. **Regular Mail Service:** On **11/23/09**, pursuant to Local Bankruptcy Rule 9013-1, I served the documents described as: NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN WITH COPY OF CHAPTER 13 PLAN on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at **LOS ANGELES**, California, addressed as set forth on the attached list.

3. **See attached list for names and addresses of all parties and counsel that have been served.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: **November 23, 2009**

PAULINA BUITRON
Type Name

Signature

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2002*   F 3015-1.2

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037   Best Case Bankruptcy

| Name | Anthony O. Egbase |
|---|---|
| Address | Anthony O. Egbase and Associates |
| | 800 W. 1st Street #400 |
| | Los Angeles, CA 90012 |

Telephone  213 620 7070    (FAX)  213 620 1200

■ Attorney for Debtor
State Bar No. 181721

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>Josefina Chavez Castellanos | Chapter 13 Case No. **2:09-bk-37323**<br><br>**CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>Date:    12/11/09<br>Time:    3:30 PM<br>Place:    725 S Figueroa St. Rm 103<br>**CONFIRMATION HEARING:**<br>Date:    12/03/09<br>Time:    1:30 PM<br>Place:    255 E Temple St. Crtrm 1639 |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 8 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006                                                                                                F3015-1.1
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                     Best Case Bankruptcy

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A. Payments by Debtor of **$109.62** per month for **60** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $ **6,577.20** which is estimated to pay **0** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: (specify property or indicate none)
   **NONE**

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

F3015-1.1

Best Case Bankruptcy

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

    (b) Administrative expenses (Class 1(a)) in an amount not exceeding _100_ % of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __% of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

**CLASS 1**
**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $2,824.00 | | $97.38 | 29 | $2,824.00 |
| (3) Chapter 7 Trustee's Fees | | | | | |
| (4) Other | | | | | |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | | | | | |
| (2) Franchise Tax Board | | | | | |
| (3) Domestic Support Obligation | | | | | |
| (4) Other | | | | | |
| **Imperial County Tax Collector** | $101.12 | 0% | $50.56 | 2 | $101.12 |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

F3015-1.1
Best Case Bankruptcy

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ■ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

| Homeq | xxxxxxxxx8079 |
|---|---|
| (name of creditor) | (last 4 digits of account number) |

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

**Cure of Default**

| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| Homeq | xxxxxxxxx8079 | $3,000.00 | 0 | $96.77 | 31 | $3,000.00 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

F3015-1.1
Best Case Bankruptcy

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____                                        _____
(name of creditor)                                                                              (last 4 digits of account number)

_____                                        _____
(name of creditor)                                                                              (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| | | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of  $29,534.82  .
Class 5 claims will be paid as follows:

(Check one box only.)

■ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 0.00  which is estimated to pay  0 % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006                                                                                                                F3015-1.1
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

## IV. PLAN ANALYSIS

| | |
|---|---:|
| CLASS 1a | $2,824.00 |
| CLASS 1b | $101.12 |
| CLASS 1c | $0.00 |
| CLASS 2 | $3,000.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $0.48 |
| SUB-TOTAL | $5,925.60 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $651.60 |
| TOTAL PAYMENT | $6,577.20 |

## V. OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.
    **Name of Other Party:**          **Description of contract/lease:**
    -NONE-

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
    **Name of Other Party:**          **Description of contract/lease:**
    -NONE-

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
    **Creditor Name:**                **Monthly Payment:**
    -NONE-

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
    **Creditor Name:**                **Description:**
    -NONE-

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)
    **Acacia M Group: Debtor(s) intend to avoid lien.**

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006                                                              F3015-1.1
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: **November 23, 2009**                             /s/ Anthony O. Egbase
                                                                                      Anthony O. Egbase
                                                                                      181721
                                                                                Attorney for Debtor(s)

                                                                                /s/ Josefina Chavez Castellanos
                                                                                 Josefina Chavez Castellanos
                                                                                          Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*                                                                                      **F3015-1.1**
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                      Best Case Bankruptcy